BUCKEYE PRODUCING CO., SUCCESSORS TO THE BUCKEYE BREWING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8779.   Promulgated February 15, 1929.

*George D. Welles, Esq.*, and *R. S. Doyle, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, and *S. B. Anderson, Esq.*, for the respondent.

## OPINION.

SIEFKIN : The testimony discloses that the petitioner customarily took an inventory at the end of each year in order to determine the quantity of bottles and cases it would be necessary to purchase for

the succeeding year. These inventories were not preserved. However, the petitioner does have a record of an inventory taken October 10, 1925, which shows bottles and cases on hand on that date valued at $39,597.64 To arrive at a calculated inventory as of December 31, 1919, the petitioner added to this figure depreciation sustained from January 1, 1920, to October 1, 1925. This amounted to $74,-840.83 and was calculated at the rate of 72.697 cents per barrel bottled, which was the rate allowed by the respondent. The evidence shows that the normal rate of depreciation or breakage of bottles was 20 per cent per year. The evidence shows further that after 1919 there was no unusual loss of bottles and cases.

The petitioner then deducted from the resulting figure the amount expended for purchase of bottles and cases over the period, thus arriving at a calculated inventory at December 31, 1919. Since the depreciated book value of bottles and cases as of December 31, 1919, was $116,427.37, the petitioner contends that the difference between this amount and the calculated inventory is a net loss due to prohibition legislation. This calculated loss includes loss on both pint and quart bottles and the loss on each is not segregated. The respondent contends that since bottles sent out by petitioner in prior years were received by petitioner in 1920 and subsequent years, the allowance of this calculated loss would allow loss on bottles which were not really "lost." However, any bottles returned prior to October 10, 1925, have been reflected in the physical inventory of that date and we believe the receipt of bottles thereafter may be considered negligible.

At the rehearing witnesses testified that they recalled that the inventory of bottles and cases taken December 31, 1918, established a loss of about $80,000. This, the evidence shows, was due to the fact that customers in Michigan, Indiana, and Ohio failed to return bottles after the advent of state prohibition in Indiana and Michigan. There is no evidence to show just how much of the calculated loss was sustained in each of the years 1918 and 1919. However, since the return for 1919 showed a net loss, any deduction allowed for either 1918 or 1919 is deductible from 1918 income. See section 204 (b) of the Revenue Act of 1918.

Prohibition became effective in Ohio on May 27, 1919, and thereafter petitioner manufactured near beer instead of beer. There was no demand for near beer in quart bottles so petitioner sold 1,165 gross of quart bottles to junk dealers for $2.85 per gross. These had cost petitioner $3.75 per gross. The evidence showed that there is no depreciation in value of bottles due to age and we hold that the petitioner is entitled to a deduction for loss sustained on the bottles of $1,048.50, the difference between the cost and the sale price. However, the petitioner has not shown whether the bottles just referred

to were included in the calculation of lost bottles in the inventory of October 10, 1925. This being true we must add their value, $4,368.75 to the inventory of $39,597.64 as of October 10, 1925. Adding depreciation of $74,840.83 and deducting the amount of purchases, $82,268.55 leaves a calculated inventory as of December 31, 1919, of $36,538.67. The depreciated book value of bottles and cases as of December 31, 1919, was $116,427.37 but the evidence shows and we have found facts resulting in a depreciated cost of $105,027.98. We hold that the petitioner sustained a loss equal to the difference between that figure and the calculated inventory, or $68,489.31. In view of the additional evidence adduced by the petitioner we hold that petitioner is entitled to deductions of $1,048.50 and $68,489.31 from income of the year 1918.

*Judgment will be entered under Rule 50.*